UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Margaret Gawarecki and Anthony Brown,** on behalf of themselves and all others similarly situated, | Civil No. 11-CV-1923 (SRN/JJG) |
| **Plaintiffs,** | |
| v. | ORDER |
| **ATM Network, Inc.,** | |
| **Defendant**, | |

Curtis P. Zaun, 800 LaSalle Avenue, Suite 2150, Minneapolis, Minnesota 55402; Thomas J. Lyons, Sr. and Thomas J. Lyons, Jr., Lyons Law Firm, P.A., 367 Commerce Court, Vadnais Heights, Minnesota 55127, for Plaintiffs

David E. Krause and James B. Hovland, Krause & Hovland, Chtd., 310 Groveland Avenue, Minneapolis, Minnesota 55403, for Defendant

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. No. 40], for which the Court heard oral argument on October 10, 2012. Also pending before the Court is Plaintiffs' Motion for Class Certification [Doc. No. 11], for which the Court heard oral argument on May 10, 2012.

In its Motion to Dismiss, Defendant argues that Plaintiffs have suffered no injury in fact and therefore do not have standing to bring their claims under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, eq seq. (Def's Mem. Supp. Mot. Dismiss at 8-13 [Doc. No. 42].) The identical issue was recently before our sister court, the United States District Court for the District of Nebraska, in <u>Charvat v. First Nat'l Bank of Wahoo</u>, No. 8:12CV97, 2012 WL

1

2016184, *1 (D. Neb. June 4, 2012). In Charvat, the district held that the plaintiff, who also alleged violations of the EFTA for the alleged lack of a posted fee notice on an automated teller machine, failed to adequately allege an injury in fact sufficient to confer standing. Id. at *5. However, because the court found that a standing issue in a case then-pending before the Supreme Court, First Am. Fin. Corp. v. Edwards, No. 10-708 (cert. granted June 20, 2011), had bearing on the standing issue in Charvat, the court stayed all proceedings in Charvat pending the Supreme Court's decision. After the Supreme Court dismissed First American on the grounds that certiorari was improvidently granted, the Charvat court granted the defendant's motion to dismiss for lack of standing. Charvat, No. 8:12-cv-97, Order of 7/12/12 (D. Neb.) [Doc. No. 17]. The plaintiff in Charvat filed a timely appeal to the Eighth Circuit, where a briefing schedule has been issued and the matter is currently pending.

Because the outcome of the appeal in Charvat controls the Court's decisions here, counsel conceded at oral argument that it would be prudent to stay the proceedings in this case pending the decision on appeal in Charvat. The Court agrees; therefore all proceedings in this matter are stayed pending the Eighth Circuit's ruling in Charvat. In light of the stay, the parties' pending motions are dismissed without prejudice.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. All further proceedings in this matter are **STAYED** pending the Eighth Circuit's decision in Charvat v. First Nat'l Bank of Wahoo, No. 12-2797 (8th Cir.);

2. Plaintiffs' Motion for Class Certification [Doc. No. 11] is **DENIED WITHOUT PREJUDICE**;

3.  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. No. 40] is **DENIED WITHOUT PREJUDICE**; and

4.  The parties shall notify the Court when the Eighth Circuit's decision in <u>Charvat</u> is filed.

Dated:   October 11, 2012

                                                  <u>s/Susan Richard Nelson</u>
                                                  SUSAN RICHARD NELSON
                                                  United States District Court Judge